UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: $133,370 U.S. Currency,          **Misc. No.: 21-51177**
et al; CATS Nos. 21-DEA-676295;
21-DEA-676297

---

### Stipulation to Extend United States' Time to File a Forfeiture Complaint and to Toll the Civil Filing Deadline

---

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Administrative Claimant John Russell Kirkpatrick, MD, by and through his attorney, as follows:

1.      On March 25, 2021 and March 26, 2021, the Drug Enforcement Administration ("DEA") seized the following property from John Russell Kirkpatrick:

   a.  $133,370.00 U.S. currency (21-DEA-676295); and

   b.  $48,895.00 U.S. currency in Citizens Bank Safe Deposit Box 0000697-9 (21-DEA-676297);

(collectively referred to herein as the "Property").

2.      The Parties acknowledge and stipulate that the DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to

John Russell Kirkpatrick, MD.

3.      John Russell Kirkpatrick, MD filed a claim in the administrative forfeiture proceeding with the DEA regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4.      The DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5.      Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties.  In this case, the 90-day deadline would be **September 23, 2021**.

6.      As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions

regarding the Property.

7.      John Russell Kirkpatrick, MD knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by September 23, 2021.

8.      The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **September 23, 2021** to and including **December 22, 2021**.

9.      John Russell Kirkpatrick waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. John Russell Kirkpatrick, MD further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10.     John Russell Kirkpatrick agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **December 22, 2021**, whichever occurs first, the Property shall remain in the custody of the United States and he shall not seek its return for any reason in any manner.

11.     By signing below, Gerald J. Gleeson, Esq. declares that prior to signing this Stipulation, he provided a copy of it to John Russell Kirkpatrick, reviewed it with him, consulted with him regarding its contents, answered any questions he had about it, determined that he understands its terms and is aware of his rights in this matter, and John Russell Kirkpatrick authorized Mr. Gleeson to sign this Stipulation.

12.     By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Based upon the foregoing, and the record in this case, the Parties respectfully request this Court to enter this Stipulated Order Extending United States' Time to File a Forfeiture Complaint and to Toll the Civil Deadline.

Approved as to form and substance:

Saima S. Mohsin
Acting United States Attorney

S/Catherine E. Morris                        S/Gerald J. Gleeson (with Consent)
Catherine E. Morris (P84371)                 Mr. Gerald J. Gleeson
Assistant United States Attorney             Miller Canfield Paddock &
211 W. Fort Street, Suite 2001               Stone, P.L.C.
Detroit, MI 48226                            840 W. Long Lake Road
(313) 226-9562                               Suite 150
Catherine.Morris@usdoj.gov                   Troy, MI 48098
                                             (248) 879-2000
                                             gleeson@millercanfield.com

Dated: September 15, 2021                    Dated:  September 14, 2021

**IT IS SO ORDERED.**

Date:  September 15, 2021      /s/Terrence G. Berg_____
                              Honorable Terrence G. Berg
                              United States District Court Judge, Presiding